# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

DANIEL TORRES-TORRES                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:18CV-P50-JHM

ROY WASHINGTING                                                    DEFENDANT

## MEMORANDUM OPINION

On April 25, 2018, the Clerk of Court issued a Notice of Deficiency (DN 8) to Plaintiff directing him to file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint. The Notice of Deficiency advised Plaintiff that failure to comply within 30 days would result in this matter being brought to the attention of the Court. On May 7, 2018, the copy of the Notice of Deficiency sent to Plaintiff at the Grayson County Detention Center, where Plaintiff indicated he was incarcerated in his complaint, was returned to the Court by the U.S. Postal Service marked "Return To Sender, Refused, and Unable To Forward" (DN 9). Following return of the mailing, further review of the complaint revealed that Plaintiff provided a mailing address at a seemingly residential location in Indianapolis, Indiana. Consequently, the Clerk of Court re-mailed the Notice of Deficiency to Plaintiff at the Indiana address. Plaintiff failed to respond to the re-mailed Notice of Deficiency within 30 days. Accordingly, the Court entered an Order on June 15, 2018 (DN 10), directing Plaintiff to file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint and warning him that his failure to comply within 30 days from entry of that Order would result in dismissal of this action. The 30-day period has expired without compliance by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action.

Therefore, this action will be dismissed by separate Order.

Date: August 10, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
4414.005